856 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alex S. BRISTOL, Plaintiff-Appellant,
v.
Bishop ROBINSON, Secretary Public Safety and Correctional
Services; Arnold J. Hopkins, Commissioner; Ralph W.
Packard, Warden; Dave Green, Classification Supervisor II;
Brian Irwin, Classification Supervisor I; Mrs. Walker,
Classification Counselor, Defendants-Appellees.
 No. 88-7623.
 United States Court of Appeals, Fourth Circuit.
 SUBMITTED: July 18, 1988.
DECIDED: Aug. 29, 1988.
 
 Alex S. Bristol, appellant pro se.
 Karen U. Smith (Office of the Attorney General), for appellees.
 Before DONALD RUSSELL, K.K. HALL and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alex S. Bristol, a Maryland inmate, appeals the district court's decision dismissing his 42 U.S.C. Sec. 1983 action alleging that he was subjected to ex post facto punishment because he was erroneously classified under the 1983 revision to prison guideline DCR 100-3. Bristol asserts that the prison's classification committee improperly relied on false information in his file when it classified him under the new guideline.
 
 
 2
 In 1975 Bristol was convicted and sentenced to 20 years for manslaughter and assault. In 1981, while incarcerated, Bristol received an additional 10-year sentence based on another assault conviction.
 
 
 3
 In 1983 the Maryland Department of Corrections revised DCR 100-3, which establishes how prisoners should be classified. The new DCR 100-3 states that prisoners who are convicted of a crime of violence while incarcerated are not entitled to be placed in minimum security. It further states that the revised DCR applies to all Maryland inmates except those who were in custody prior to June 15, 1981, and who did not have a work history of six months or more of full-time work. Prison officials found that Bristol had a work history of six months; therefore the new DCR was applied to him. Bristol contends that the information in his file establishing this work history is incorrect.
 
 
 4
 As Bristol has pursued his claim through the inmate grievance procedures, he has exhausted his administrative remedies sufficiently such that, in this regard, this court has jurisdiction to review his claims. See Paine v. Baker, 595 F.2d 197, 201-03 (4th Cir.), cert. denied 444 U.S. 925 (1979). However, because it appears from the record of this case that federal jurisdiction may be inappropriate on entirely different grounds, we will not address Bristol's ex post facto claim.
 
 
 5
 After Bristol's grievance was denied by the Inmate Grievance Commission, on May 27, 1987, he filed the instant civil rights action in district court seeking monetary damages. A little over one week later, on June 8, 1987, he also appealed the Inmate Grievance Commission's decision to the Circuit Court of Anne Arundel County Maryland. Alex S. Bristol v. Maryland Inmate Grievance Commission, Law No. 1114986. In that action, Bristol made claims identical to those he makes here, but sought only injunctive relief, i.e. his transfer to a minimum security facility. Apparently, the district court felt that the difference in the remedies that Bristol sought in these two cases justified its prompt disposition of this case. We conclude, however, that before ruling on the merits of this case, the district court should consider abstention, pending the outcome of the ongoing state litigation.
 
 
 6
 The Maryland assembly has established a comprehensive system for inmate grievance review in Maryland Code Art. 41, Sec. 4-1104. An inmate has a right to be heard by the Grievance Commission and has the right to appeal a commission decision to the Secretary of Public Safety and Correctional Services and ultimately to the Circuit Courts of Maryland. This judicial review is an important part of the entire scheme of grievance procedures and expressly includes a determination of whether an inmate's federal constitutional rights have been violated. Md.Code Ann. Art. 41, Sec. 4-1104(1). Thus, it appears that a federal determination of the constitutionality of the Grievance Commission's actions at this time may be premature.
 
 
 7
 Clearly, the Commonwealth of Maryland has a strong interest in the supervision of its own penal system, and Maryland has adequately provided for judicial review that addresses appellant's grievances and protects his constitutional rights. Further, the preclusive effect of a federal adjudication of the constitutionality of the Commission's decision might essentially deprive Maryland of the opportunity to pass on the merits of the case. Consequently, it may violate notions of comity, essential in a federal system, for a federal court to intrude on the state grievance procedure at this point. See Burford v. Sun Oil Co. 319 U.S. 315 (1943).[1] The district court, however, with its more intimate knowledge of the facts of this case and the laws of Maryland, is in the best position to balance these concerns. Therefore, we vacate the dismissal of this case and remand for the district court's determination if abstention is appropriate.[2]
 
 
 8
 VACATED AND REMANDED.
 
 
 
 [1]
 Only last year, the Supreme Court reaffirmed the importance of federal deference to ongoing state litigation. Pennzoil v. Texaco, Inc., 55 U.S.L.W. 4457 (U.S. April 6, 1987) (No. 85-1798)
 
 
 [2]
 On remand, however, the district court need not consider the claims for personal liability against the defendants Robinson, Hopkins, and Packard. We affirm their dismissal from the case